IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
02 MAY -6  PM 4:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| CONSTRUCTION MATERIALS, LTD, INC. | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v | )<br>) |
| Equal Employment Opportunity Commission ("EEOC") | )<br>)   CV-02-RRA-1155-NE<br>) |
| Defendant. | ) |

**COMPLAINT**

This is an action filed pursuant to the Freedom of Information Act, 5 USC § 552(a)(4)(B), providing jurisdiction for relief against the Equal Employment Opportunity Commission located in Birmingham, Alabama for a failure to make available to the plaintiff records of the agency. The plaintiff, Construction Materials Ltd., Inc. ("Construction Materials") in its complaint against defendant Equal Employment Opportunity Commission ("EEOC") states the following:

1. Rachel Cain filed EEOC Charge Number 130 A1 0784 against plaintiff Construction Materials, Ltd. Inc.

2. On September 4, 2001, defendant EEOC mailed its "Dismissal and Notice of Rights" letter to Ms. Rachel Cain, having concluded its own investigation of the charge filed by Ms. Cain against plaintiff Construction Materials. (Attachment A)

3. Pursuant to the Freedom of Information Act, plaintiff Construction Materials, by and through its counsel, Susan Williams Reeves, on September 5, 2001, requested the entire file compiled by

the Birmingham, Alabama District office of EEOC during its investigation of Ms. Cain's EEOC charge against Construction Materials. (Attachment B)

4. In a letter dated September 18, 2001, Charles Guerrier, regional attorney for defendant EEOC, responded to plaintiff's counsel that:

> You state that you represent the Respondent, but do not state that a lawsuit has been filed against your client based on the underlying Charge of Discrimination. If such a lawsuit has been filed, the please provide this information to the Legal Department of the Birmingham District Office of the Equal Employment Opportunity Commission by sending a copy of the title page of the complaint including the style and civil action number of the lawsuit and we will process your Freedom of Information Act request at the time. (Attachment C)

EEOC effectively denied the September 5, 2001, request asserting that the request appeared only to have been made by a member of the "general public".

5. Although not required by federal law, but in order to comply with EEOC's request made through its regional counsel, the plaintiff did again request on November 13, 2001, access to EEOC's records regarding Charge Number 130-A1-0784 and provided to EEOC the federal complaint identification number of the lawsuit filed by Ms. Cain against the plaintiff (Attachment D)

6. Having received no response from EEOC's regional attorney or anyone else at defendant EEOC, the plaintiff again requested the EEOC file related to the defendant on January 21, 2002, again providing the Civil Action Number of the federal district court complaint filed by the former charging party and the fact that the complaint had been filed on October 1, 2001. (Attachment E)

2

7. Without any compliance from EEOC under the Freedom of Information Act, the plaintiff requested the EEOC records again on April 16, 2002, (Attachment F) and then again by hand-delivered letter of April 23, 2002. This last informal request noted that a failure to respond would result in this action and was an attempt to avoid the necessity of this action. (Attachment G)

8. Although 5 USC § 552(a)(F)(6)(A) requires defendant EEOC to respond to Freedom of Information Act requests within ten (10) days, defendant EEOC has arbitrarily and capriciously failed to do so for almost eight months.

WHEREFORE, THE PLAINTIFF REQUESTS THE FOLLOWING RELIEF:

9. That the defendant be enjoined to produce its complete records related to EEOC Charge Number 130-A1-0784;

10. That the Court issue a declaratory judgment regarding the defendant's duties and responsibilities to furnish government records compiled by it to persons named as respondent in an EEOC charge;

11. That pursuant to 5 USCS § 552(a)(4)(E) the Court award to the plaintiff its costs, expenses and attorney's fees made necessary by the defendant agency's failure to comply with federal statute regarding governmental records.

Submitted by,

*Susan Williams Reeves*
Susan Williams Reeves
714 South 29th Street
Birmingham AL 35233-2810
205-322-6631
Bar ID No. 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

                                                  Attorney for Plaintiff

Serve:

Equal Employment Opportunity Commission
Ridge Park Place
1130 22nd Street South
Suite 2000
Birmingham AL   35205

Alice H. Martin, Esq.
United States Attorney, for the Northern District of Alabama
1800 5th Avenue North
Suite 200
Birmingham AL   35203

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Rachel Cain
c/o Vernon H. Padgett
P. O. Drawer 698
Cullman Alabama 35056

From: Birmingham District Office
1130 22nd Street, South
Birmingham, AL 35205

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| No. | EEOC Representative | Telephone No. |
|---|---|---|
| 0784 | Glenda M. Matthews, Investigator | (205) 731-0797 |

EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ] We cannot investigate your charge because it was not filed within the time limit required by law.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state) _____

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act: This will be the only notice of ___ of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this ___eral or state court. Your lawsuit **must be filed WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right ___ on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

Act (EPA): EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA ___. This means that **back pay due for any violations that occurred more than 2 years (3 years)** before you file suit may ___ible.

On behalf of the Commission

_____   9/4/01
Cynthia G. Pierre, District Director   (Date Mailed)

___ Materials LPD, Inc.
Williams Reeves
29th Street
___ Alabama 35233-2845

RECEIVED
SEP 5 2001

INFORMATION RELATED TO FILING SUIT
UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed).

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/96 to 12/1/96, you should file suit before 7/1/98 -- *not* 12/1/98 -- in order to recover unpaid wages due for July 1996. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION -- **Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

# Susan Williams Reeves
attorney at law

Facsimile: 205-322-7479

714 South 29th Street
Birmingham AL 35233-2845
205-322-6631



5 September 2001

Ms. Pinkey Johnson
EEOC
Ridge Park Place
1130 22nd Street South
Suite 2000
Birmingham AL  35205

    RE:  *Cain v Construction Materials, Inc.*, 130-A1-0784

Dear Ms. Johnson:

    This is a request for the complete and entire file which EEOC maintains in this matter.  I am requesting that you make available the original charge and any statement made by the charging party to pursuant the Freedom of Information Act.  If there are copy costs, please let me know and I will pay them.

    Thank you for your prompt cooperation and attention to this matter.

                          Sincerely,

                          Susan Williams Reeves

SWR/bh



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## Birmingham District Office

Ridge Park Place
1130 22nd Street South, Suite 2000
Birmingham, AL 35205
(205) 731-0082
TTY (205) 731-0175
FAX (205) 731-2101



September 18, 2001

Susan Williams Reeves
Attorney at Law
714 South 29th Street
Birmingham, AL 35233-245

RE:   Cain v. Construction Materials, Inc.
      EEOC Charge No. 130A10784
      FOIA No.: FOIA-A1-09-942-BI

Dear Ms. Reeves:

We are in receipt of your Freedom of Information Act request dated September 5, 2001. The third exemption to the Freedom of Information Act (FOIA), 5 U.S.C. § 552(b)(3) (1982), states that disclosure is not required for a matter:

> (3) specifically exempted from disclosure by statute . . . provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue . . . .

Sections 706(b) and 709(e) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5(b), 2000e-8(e) (1982), are part of such a statute. Section 706(b) provides that:

> Charges shall not be made public by the Commission . . . . Nothing said or done during and as a part of [the Commission's informal endeavors at resolving charges of discrimination] may be made public . . . .

See *Equal Employment Opportunity Commission v. Associated Dry Goods Co.*, 449 U.S. 590 (1981); *Frito Lay v. EEOC*, 964 F.Supp. 236, 239-43 (W.D. Ky. 1997); *American Centennial Insurance Co. v. United States Equal Employment Opportunity Commission*, 722 F.Supp. 180 (D.N.J. 1989); *EEOC v. City of Milwaukee*, 54 F. Supp. 2d 885, 893 (E.D. Wis. 1999).

Your letter requesting the file pursuant to the Freedom of Information Act does not provide enough information to determine that you are not a member of the general public. You state that you represent the Respondent, but you do not state that a lawsuit has been filed against your client based on the underlying Charge of Discrimination. If such a lawsuit has been filed, then please provide this information to the Legal Department of the Birmingham District Office of the Equal Employment Opportunity Commission by sending a copy of the title page of the complaint including

SEP 2 0 2001

the style and civil action number of the lawsuit and we will process your Freedom of Information Act request at that time.

This is a denial of the above Freedom of Information request. If you provide the necessary information, the Commission will process your request pursuant to the provisions of the Freedom of Information Act.

If you wish to appeal this response, you may do so within thirty (30) days after receipt of this letter by writing to the EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Office of Legal Counsel, 1801 "L" Street, Washington, D.C. 20507. Any such appeal will be governed by the provisions of 29 C.F.R. §1610.11. You must attach a copy of this letter to your appeal.

Sincerely,

CHARLES E. GUERRIER
REGIONAL ATTORNEY

# Susan Williams Reeves
attorney at law

Facsimile: 205-322-7479

714 South 29th Street
Birmingham AL 35233-2845
205-322-6631



13 November 2001

Charles E. Guerrier, Esq.
Regional Attorney, EEOC
Ridge Park Place
1130 22nd Street South
Suite 2000
Birmingham AL   35205

    RE:  *Cain v Construction Materials, Inc.*, 130-A1-0784

Dear Ms. Guerrier:

    Pursuant to the Freedom of Information Act, please provide to me the complete and entire file which EEOC maintains in this above-captioned matter. I am including within this request that you make available the original charge and any statements, affidavits, recordings or other support offered by the charging party. If there are copy costs, please let me know and I will pay them. For your records, I have previously made this request and it was denied because there had been no action filed. Ms. Cain has now filed a lawsuit in the Northern District of Alabama, CV 01-S-2752-NE.

    Thank you for your prompt cooperation and attention to this matter.

                            Sincerely,


                            Susan Williams Reeves

SWR/bh

# Susan Williams Reeves
attorney at law

Facsimile: 205-322-7479

714 South 29th Street
Birmingham AL 35233-2845
205-322-6631



21 January 2002

Ms. Pinkey Johnson
EEOC
Ridge Park Place
1130 22nd Street South
Suite 2000
Birmingham AL   35205

    RE:  *Cain v Construction Materials, Inc.*, 130-A1-0784

Dear Ms. Johnson:

    This is my client's second request for the complete and entire file which EEOC maintains in this matter, including any tape recordings that the charging party may have furnished EEOC.  I am requesting that you make available her original charge showing clearly the received date and any statements and/or documents provided by the charging party to EEOC.  This request is made pursuant the Freedom of Information Act.  If there are copy costs, please let me know and I will pay them.  Ms. Cain filed a lawsuit against Construction Materials, on October 1, 2001, and that Civil Action No. is 01-J-2752-NE

    Thank you for your prompt cooperation and attention to this matter.

                            Sincerely,


                            Susan Williams Reeves

SWR/bh

bc:  Mr. John Crews, President

# Susan Williams Reeves
attorney at law

Facsimile: 205-322-7479

714 South 29th Street
Birmingham AL 35233-2845
205-322-6631



16 April 2002

Ms. Pinkey Johnson
EEOC
Ridge Park Place
1130 22nd Street South
Suite 2000
Birmingham AL   35205

    RE:   *Cain v Construction Materials, Inc.*, 130-A1-0784

Dear Ms. Johnson:

    This is my client's third request for the complete and entire file which EEOC maintains in this matter, including any tape recordings that the charging party may have furnished EEOC. I am requesting that you make available her original charge showing clearly the received date and any statements and/or documents provided by the charging party to EEOC. This request is made pursuant the Freedom of Information Act. If there are copy costs, please let me know and I will pay them. Ms. Cain filed a lawsuit against Construction Materials, on October 1, 2001, and that Civil Action No. is 01-J-2752-NE

    Thank you for your prompt cooperation and attention to this matter.

                              Sincerely,


                              Susan Williams Reeves

SWR/bh

bc:
Mr. John Crews, President

# Susan Williams Reeves
attorney at law

Facsimile: 205-322-7479

714 South 29th Street
Birmingham AL 35233-2845
205-322-6631



23 April 2002

Hand-Delivered 1:5pm
Ms. Cynthia Pierre, Director
Ridge Park Place
1130 22nd Street South
Suite 2000
Birmingham AL   35205

    RE:  *Cain v Construction Materials, Inc.*, EEOC Charge No. 130-A1-0784

    RE:  *Cain v Construction Materials, Inc.*, FOIA NO. FOIA-A1-09-942-BI

    RE:  *Cain v Construction Materials, Inc.*, 01-J-2752-NE

Dear Ms. Pierre:

    I have written four letters requesting the complete EEOC file pursuant to the Freedom of Information Act in the above-styled case. (See attached correspondence) My requests for information have now been pending since September 5, 2001 as you can see from the attached correspondence. If I do not receive the complete investigative file and all other documents due in this case under the Freedom of Information Act within ten days from the date of this letter, I intend to promptly file a complaint and seek an order requiring the production.

    I ask again for your prompt cooperation.

                                Sincerely,

                                Susan Williams Reeves

SWR/bh

Enclosures