IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
02 JUN 12 PM 3:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| CONSTRUCTION MATERIALS, LTD., INC., | )<br>)<br>) |
| Plaintiff, | )    CV-02-RRA-1155-NE |
| v. | )<br>) |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION ("EEOC") | )<br>)<br>) |
| Defendant | )<br>) |

## ANSWER

Comes now the defendant, Equal Employment Opportunity Commission, by and through its counsel, Alice H. Martin, United States Attorney for the Northern District of Alabama, and submits the following answer to Plaintiff's Complaint.

### FIRST DEFENSE

Utilizing the same paragraph numbering as set forth in the Complaint, the defendant answers the Complaint as follows:

1. Rachel Cain filed EEOC Charge Number 130 A1 0784 against plaintiff Construction Materials, Ltd. Inc.

    ANSWER: Admits.



2. On September 4, 2001, defendant EEOC mailed its "Dismissal and Notice of Rights" letter to Ms. Rachel Cain, having concluded its own investigation of the charge filed by Ms. Cain against plaintiff Construction Materials. (Attachment A).

ANSWER: Admits that Attachment A is a true and correct copy of the Dismissal and Notice of Right to Sue form sent by the EEOC to Ms. Cain on September 4, 2001; alleges that Attachment A speaks for itself and therefore denies any and all allegations inconsistent therewith.

3. Pursuant to the Freedom of Information Act, plaintiff Construction Materials, by and through its counsel, Susan Williams Reeves, on September 5, 2001, requested the entire file compiled by the Birmingham, Alabama District Office of EEOC during its investigation of Ms. Cain's EEOC charge against Construction Materials. (Attachment B).

ANSWER: Admits that the EEOC received the original of Attachment B; alleges that Attachment B speaks for itself and therefore denies any and all allegations inconsistent therewith; Defendant further alleges a lack of knowledge or information sufficient to form a belief as to any and all other allegations contained in paragraph 3; further avers that the allegation "[p]ursuant to the Freedom of Information Act" is a conclusion of law which needs not be admitted, nor denied and to the extent that a response is required, denies.

4. In a letter dated September 18, 2001, Charles Guerrier, regional attorney for defendant EEOC, responded to plaintiff's counsel that:

> You state that you represent the Respondent, but do not state that a lawsuit has been filed against your client based on the underlying Charge of Discrimination. If such a lawsuit has been filed, the please provide this information to the Legal Department of the Birmingham District Office of the Equal Employment Opportunity Commission by sending a copy of the title page of the complaint including the style and civil action number of the lawsuit and we will process your Freedom of Information Act request at the time. (Attachment C).

EEOC effectively denied the September 5, 2001, request asserting that the request appeared only to have been made by a member of the "general public."

ANSWER: Admits that Attachment C is a true and correct copy of a September 18, 2001 letter sent by the EEOC to Ms. Reeves; alleges that Attachment C speaks for itself and therefore denies any and all allegations inconsistent therewith; further Defendant avers that the allegation that "EEOC effectively denied the September 5, 2001, request" contains a conclusion of law which needs not be admitted, nor denied and to the extent that a response is required, denies.

5. Although not required by federal law, but in order to comply with EEOC's request made through its regional counsel, the plaintiff did again request on November 13, 2001, access to EEOC's records regarding Charge Number 130-A1-0784 and provided to EEOC the federal complaint identification number of the lawsuit filed by Ms. Cain against the plaintiff (Attachment D).

ANSWER: Admits that EEOC received the original of Attachment D; alleges that Attachment D speaks for itself and therefore denies any and all allegations inconsistent therewith; denies that the November 13, 2001 letter complied with the EEOC's September 18 response and denies that the information requested by the EEOC in its September 18 letter was not required by federal law.

6. Having received no response from EEOC's regional attorney or anyone else at defendant EEOC, the plaintiff again requested the EEOC file related to the defendant of January 21, 2002, again providing the Civil Action Number of the federal district court complaint filed by the former charging party and the fact that the complaint had been filed on October 1, 2001. (Attachment E).

ANSWER: Admits that the EEOC received the original of Attachment E; alleges that Attachment E speaks for itself and therefore denies any allegations inconsistent therewith;

denies any and all other factual allegations contained in Paragraph 6.

7. Without any compliance from EEOC under the Freedom of Information Act, the plaintiff requested the EEOC records again on April 16, 2002, (Attachment F) and then again by hand-delivered letter of April 23, 2002. This last informal request noted that a failure to respond would result in this action and was an attempt to avoid the necessity of this action. (Attachment G)

ANSWER: Admits that the EEOC received the originals of Attachment F and G; alleges that Attachments F and G speak for themselves and therefore denies any allegations inconsistent therewith; denies any and all other allegations contained in paragraph 7.

8. Although 5 U.S.C. § 552 (a)(F)(6)(A) requires defendant EEOC to respond to Freedom of Information Act requests within ten (10) days, defendant EEOC has arbitrarily and capriciously failed to do so for eight months.

ANSWER: Denies all allegations contained in paragraph 8.

## SECOND DEFENSE

Plaintiff's claim is moot because the EEOC has produced the entire requested file except for a minimal amount of redacted material or pages reflecting Commission charge analysis which is protected by the EEOC's deliberative privilege and is therefore exempt from Freedom of Information Act disclosure pursuant to 5 U.S.C. § 552(b)(5).

## THIRD DEFENSE

The defendant properly refused to initially release the requested information insofar as the requested records contained information specifically exempted from disclosure by statute and, therefore, was exempted from disclosure by 5 U.S.C. 552(b)(3).

## FOURTH DEFENSE

This Honorable Court lacks subject matter jurisdiction over Plaintiffs' Complaint in that

Defendants have not improperly withheld agency records under 5 U.S.C. 552.

WHEREFORE, the Equal Employment Opportunity Commission requests judgment as follows:

1. Dismissal of the Complaint with prejudice;

2. For the costs and disbursements related to this action;

3. For such other relief as the Court deems just and equitable.

Dated this 12th day of June, 2002.

        ALICE H. MARTIN
        United States Attorney
        Northern District of Alabama

        EDWARD Q. RAGLAND
        Assistant United States Attorney
        Attorney No. 7291
        1801 Fourth Ave., North
        Birmingham, Alabama 35203-2101

        DAVID L. FRANK
        Legal Counsel
        U.S. Equal Employment Opportunity Commission

        THOMAS J. SCHLAGETER
        Assistant Legal Counsel
        U.S. Equal Employment Opportunity Commission

        JAMES G. ALLISON
        Wisconsin State Bar No. 1012684
        Office of Legal Counsel
        U.S. Equal Employment Opportunity Commission
        1801 L Street, N.W.
        Washington, D.C. 20507
        (202) 663-4661
        (202) 663-4639 (fax)

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been served upon the following counsel, by mailing the same by first class United States mail, properly addressed and postage prepaid, on this the 12th of June, 2002:

>Susan Williams Reeves, Esquire
>Attorney at Law
>714 South 29th Street
>Birmingham, Alabama 35233-2845

>_____
>Edward Q. Ragland
>Assistant United States Attorney