IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| CONSTRUCTION MATERIALS, LTD, INC. | ) ) ) |
| Plaintiff, | ) ) ) |
| v | )   CV-02-RRA-1155-NE ) |
| Equal Employment Opportunity Commission ("EEOC") | ) ) ) |
| Defendant. | ) |

**REPORT OF PARTIES' PLANNING MEETING**

1. Appearances:

Pursuant to Fed. R. Civ. Procedure Rule 26 (f), a meeting was held at Susan Williams Reeves office on July 22, 2002, and was attended by Susan Williams Reeves on behalf of plaintiff; and by Ed Ragland on behalf of defendant.

2. Parties:

    a. The plaintiff shall have until August 19, 2002, to join any additional parties.

    b. The defendant shall have until September 19, 2002, to join any additional parties.

3. Pleadings:

    a. The plaintiff shall have until August 31, 2002, to amend its pleadings.

    b. The defendant shall have until September 30, 2002, to amend its pleadings

4.   Dispositive Motions:

A.   Plaintiff's position: This case should proceed with discovery so that the plaintiff has an opportunity to prove the allegations of the complaint and dispositive motions should be set within 30 days after the close of discovery.

B.   Defendant's position: This litigation arises under the Freedom of Information Act (FOIA). In FOIA litigation, the rules of procedure, and therefore the course of proceedings, differ from that of typical civil litigation. Significantly, the defendant, not the plaintiff, bears the burden of proof in FOIA litigation. 5 U.S.C. 552(a)4)(B). As a result, the Eleventh Circuit has held that FOIA cases should be handled on motions for summary judgment and that an early attempt in litigation "to take discovery depositions is inappropriate until the government has first had a chance to provide the court with the information necessary to make a decision on the applicable exemptions." *Micavige v Internal Revenue Service*, 2 F.3d 366 (11th Cir. 1993). Discovery is not appropriate at this time in this case and the defendant anticipates that all issues herein can be resolved on motions for summary judgment. The defendant requests that the court set a deadline for the submission of dispositive motions for 30 days after the deadline for the parties to amend their pleadings. If the court's ruling on the dispositive motions do not resolve all issues in this case, a status conference would be appropriate for addressing the

necessity of discovery in this litigation and any remaining scheduling issues.

    5.  Expert Testimony:

        A.  Plaintiff's position:

Unless modified by stipulation of the parties, the disclosure of expert witnesses - including a complete report under Fed. R. Civ. P. 26(a)(2)(B) from any specially retained or employed expert - are due:

        a.  From the plaintiff: January 29, 2003

        b.  From the defendant:   February 29, 2003

        B.  Defendant's position:

Because the defendant anticipates that all issues in this case will be resolved by motions for summary judgment, the defendant views the provisions for prediscovery disclosure, expert testimony, for exchanging witness and exhibit lists, and for scheduling a pretrial conference and trial date as inapplicable to this case.

    6.  Discovery Disclosures, Limitations and Cutoffs:

        A. Plaintiff's position:  The plaintiff is entitled to discovery to support the assertions of the complaint and a reasonable discovery plan is as follows:

        1.  Unless modified by stipulation the parties:

    **Depositions:**  Maximum of five (5) depositions by the Plaintiff and five (5) depositions by the Defendants without prior approval of the court.

**Interrogatories**: A maximum of thirty (30) interrogatories by each party, with responses due within 30 days after service.

**Requests for Admission**: A Maximum of thirty (30) requests for admission to each party, with responses due within 30 days after service.

**Request for Production**: Maximum of thirty (30) by each party, with responses due within 30 days after service.

**Supplementation**: Supplemental Disclosures under Rule 26(e), Fed. R. Civ. P., are due thirty (30) days before the close of discovery.

2. Pre-discovery disclosure: The parties shall exchange the information required by Local Rule 26.1(a)(1)

3. Unless modified by court order for good cause shown, all discovery must be commenced in time to be completed by _____.

B. Defendant's position: Under Eleventh Circuit law, the defendant submits that discovery is not warranted in this action. At the least, proceeding with discovery prior to the defendant filing its dispositive motion and supporting evidentiary materials would be premature.

With regard to paragraphs 7, 8, and 9 which provide for the pretrial conference, trial and final exhibits lists respectively, the defendant refers to its position as stated under numbered paragraph 5, expert testimony.

7. Pre-trial conference:

This case is set for pretrial conference on _____ in Birmingham, Alabama.

8. Trial:

       This case is set for jury trial on _____ in Birmingham, Alabama. Trial is expected to last 2 to 3 days

9. Final lists:

   Final lists of trial witnesses and exhibits under Fed. R. Civ. P. 26(a)(3) must be served and filed:

   a. By the plaintiff: _____

   b. By the defendant: _____

   Objections are to be filed within twenty (20) days after receipt of final exhibit and witness lists.

10. Scheduling Conference:

    The parties request a scheduling conference prior to the entry of the Scheduling Order and wish to address at the conference whether or not discovery is appropriates.

Submitted this 29th day of July 2002.

ATTORNEY FOR PLAINTIFF:                    ATTORNEY FOR DEFENDANT:

                                           ALICE H. MARTIN
                                           United States Attoreny

*/s/ Susan Williams Reeves*                */s/ Edward A. Ragland*
Susan Williams Reeves                      Edward A. Ragland, A.U.S.A.
714 South 29th Street                      1801 Fourth Avenue North
Birmingham AL 35233-2810                   Birmingham AL  35203
205-322-6631                               205-244-2109