IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **CONSTRUCTION MATERIALS LIMITED,** | ) | Civil Action |
| Plaintiff, | ) | No. 1: 02-CV-02-RRA-1155-NE |
| v. | ) | |
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) | |
| Defendant. | ) | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT**

Defendant Equal Employment Opportunity Commission ("EEOC") submits this memorandum in support of its Motion for Summary Judgment and in opposition to Plaintiff's Motion for Summary Judgment, both pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Plaintiff concedes that Defendant has produced the requested documents. (Pl. Brief, pp. 1-2). Therefore, the only relief now sought by Plaintiff is unspecified injunctive relief and an award of attorney's fees. As discussed below, Plaintiff can prove no set of facts which would entitle it to such relief. Therefore, the Complaint should be dismissed in its entirety and summary judgment granted in favor of the Defendant.

### I. RECOVERY OF ATTORNEY FEES IS THE ONLY ISSUE IN THIS CASE - THE PLAINTIFF'S ARGUMENT FOR INJUNCTIVE RELIEF IS IMPROPER

Plaintiff can prove no set of facts to show its entitlement to injunctive relief. Although the Complaint demands production of the FOIA-requested file, the EEOC produced that file only 10 days after the filing of this lawsuit, thereby mooting the Complaint's demand. "[O]nce the

EEOC turned over everything in its possession related to the plaintiff's FOIA request, the merits of plaintiff's claim for relief, in the form of production of information, became moot." *GMRI, Inc. v. EEOC*, 149 F.3d 449, 451 (6th Cir. 1998).  In fact, Plaintiff concedes that Defendant has now produced the requested documents. (Pl. Brief, pp. 1-2). Now that the file has been produced, the only remaining issue is whether Plaintiff should recover attorney fees, which is ancillary to the primary relief requested by the Complaint. *GMRI, Inc. v. EEOC*, 149 F.3d at 451.

But Plaintiff states in conclusory fashion that "FOIA chaos" reigns in the EEOC's Birmingham office, citing the agency's handling of Plaintiff's lone FOIA request and argues this as the basis for its request for injunctive relief (*See* Pl.Brief, p.13-18).  Plaintiff ignores the fact that this case involves only one FOIA request as opposed to a class action of FOIA requesters or even a series of FOIA requests by the Plaintiff.  Plaintiff attempts to broaden this case by arguing that this Court should issue a broad injunctive order generally addressing the EEOC's FOIA practices and procedures.  The Plaintiff does not specify what that the injunctive order should say.  Moreover, the Complaint does not allege a separate policy and procedure claim against the EEOC which would properly raise the issue of a broad attack against the EEOC's FOIA processing.  A district court, in *Swan View Coalition v. Dept. of Agriculture*, 39 F.Supp.2d 42 (D.D.C. 1999), allowed a plaintiff to prosecute a request for a broad injunctive FOIA order, but only because the Complaint contained a separate claim which sought broad injunctive relief based upon specific allegations that the Dept. of Agriculture followed a policy or practice of ignoring particular FOIA requests until lawsuits were filed. *Id.*, 39 F.Supp.2d at 43.  The Complaint at bar does not contain pattern, policy or practice allegations against the EEOC.

Furthermore, there are no allegations that the EEOC Birmingham office has a policy of ignoring FOIA requests until a lawsuit is filed. The delay at issue herein was caused by isolated and non-recurrent circumstances (missing file card, change in personnel, multiple requests for the file) which present no "cognizable danger of recurrent violation" by an agency. *Id.* 39 F.Supp.2d at 46. Further evidencing this point is the Plaintiff's citation of the EEOC's FOIA report for fiscal year 2001, which shows that the median number of days to process EEOC's 16,067 FOIA requests was 19, an excellent performance record.[1] Far from suggesting a deliberate pattern or policy to ignore FOIA obligations, the EEOC's processing of Plaintiff's single FOIA request was an aberration resulting from unfortunate and coalescing circumstances. The Plaintiff could not allege otherwise. Based upon the claim as framed by the Plaintiff, as well as the nature of the EEOC's delay, this Court should reject the Plaintiff's argument for an unspecified injunctive order just as the court did in *Swan View*, 39 F.Supp.2d at 47.

## II. THE PLAINTIFF SHOULD NOT RECEIVE AN AWARD OF ATTORNEYS FEES

In order to receive an attorneys fee award, a plaintiff must establish two elements in a FOIA case. First, a plaintiff must establish that it "substantially prevailed" in the lawsuit; second, a plaintiff must establish that the equities of the case allow the court to exercise its discretion by awarding fees. See, *GMRI, Inc. v. EEOC*, 149 F.3d at 451 (6th Cir. 1998); *Blue v. Bureau of Prisons*, 570 F.2d 529, 533 (5th Cir. 1978); *Maynard v. CIA*, 986 F.2d 547, 568 (1st Cir. 1993); *Church of Scientology of California v. Harris*, 209 U.S. App. D.C. 329, 653 F.2d

---

[1] *Report of the Equal Employment Opportunity Commission On Its Administration of the Freedom of Information Act, 5 U.S.C. section 552 for FY 2001,* cited by Plaintiff at page 12, footnote 1 of its brief.

584, 587 (D.C. Cir. 1991). The plaintiff must meet these requirements with convincing evidence. *Frydman v. Dept. of Justice*, 852 F Supp. 1497, 1502 (D.Kan. 19940). Review of the facts at bar in light of the governing case law demonstrates that Plaintiff's can not establish its entitlement to attorney's fees.

### A. The Plaintiff has not substantially prevailed

In order to substantially prevail, a FOIA lawsuit must have been necessary to obtain the requested information and the lawsuit must have had a substantial causative effect on the ultimate receipt of that information. *Frydman*, 852 F Supp. at 1502 (D.Kan. 1994); *GMRI*, 149 F.3d at 451-52. The lawsuit at bar does not satisfy these criteria. There was no court order requiring document production by the EEOC, nor were any motions filed to force production. The EEOC has never opposed production of the requested file,[2] so this lawsuit did not overcome any resistance by the EEOC. As explained by EEOC Regional Attorney Guerrier, the delay in producing this file resulted not from EEOC opposition, but rather from inability to locate it due to multiple persons handling the file with an absence of required communication (Guerrier Decl., ¶¶ 10, 13), i.e., delayed administrative processing. Routine, though delayed, administrative processing does not warrant an award of attorney fees. *Weisberg v. United States Dept. of Justice*, 848 F2d 1265, 1268-1271 (D.C. Cir. 1988); *Church of Scientology v. United States Postal Service*, 700 F.2d 486, 491 (9th Cir. 1983).

---

[2] The Plaintiff's first FOIA request was dated September 5, 2001. The Regional Attorney responded on September 18, 2001, well within the statutory 20 day response time, advising that Title VII statutes requiring confidentiality of files prohibited disclosure of the requested file until the requestor established that a lawsuit had been filed regarding the subject charge (Guerrier Decl., ¶¶ 5-6, Exs.1,2). The Plaintiff then waited until the Title VII lawsuit by Ms. Cain had been filed before renewing its FOIA request for the underlying charge file on November 13, 2001 (Guerrier Decl. ¶ 7, Ex.3).

The cases cited by the Plaintiff which find that a party substantially prevailed are distinguishable from the case at bar. In *GMRI*, the EEOC admitted that there was a causal connection between the lawsuit and production of the requested documents. *GMRI*, 149 F.3d. at 452. In *Katzman v. C.I.A.*, 903 F.Supp. 434, 437 ( E.D.N.Y. 1995), the issue was adequacy of a search which had caused the agency to deny production, not the timeliness of production.

The Plaintiff cannot satisfy its burden of producing "convincing evidence" that it substantially prevailed by relying upon an inference of causality simply because the documents were produced after service of the lawsuit on the EEOC.

*B. The Plaintiff has not established that the equities favor an award of attorney fees*

Once a plaintiff establishes that it substantially prevailed in FOIA litigation, it must then prove that the equities allow a court to exercise its discretion to award attorneys fees. The factors to be considered are:

> (i) Did the public benefit from the disclosure?
>
> (ii) Was there commercial benefit to the plaintiff because of the disclosure?
>
> (iii) The nature of the plaintiff's interests in the disclosed records?
>
> (iv) Whether the government's withholding had a reasonable basis in law?

*Blue*, 570 F.2d 529, 533;  See also *Detroit Free Press*, 73 F.3d 93, 98 (6th Cir. 1996); *Cotton v. Heyman*, 63 F.3d 1115, 1117 (D.C. Cir. 1995); *Long v. IRS*, 932 F.2d 1309, 1313 (9th Cir. 1991) (outlining four factors to consider in determining entitlement to a FOIA fee award); *Aronson v. United States Dep't of Hous. & Urban Dev.*, 866 F.2d 1, 3 (1st Cir. 1989) (same); *Frydman*, 852 F Supp. at 1502.

With respect to factor one, the Plaintiff argues that the public benefitted from this lawsuit because the disclosure of the requested materials hastened the stipulated dismissal of the Cain lawsuit[3] against Plaintiff, thereby clearing a court's docket, and because plaintiffs act as "private attorney generals" with respect to FOIA enforcement, similar to civil rights statutes. Plaintiff fails to cite any legal authority applying the private attorney general analogy to FOIA litigation because there is no legal support for that argument. Courts would have no reason to articulate and follow the four factor equitable analysis outlined above if each plaintiff was automatically deemed to be acting in the public interest. The Plaintiff's private attorney general argument has been implicitly rejected by every court decision addressing a request for attorney fees in FOIA litigation.

Plaintiff's alternative argument that disclosure of the requested materials cleared a case from a court docket is without any factual support. The Plaintiff fails to identify the information or document that arose out of the EEOC's production which caused Ms. Cain to stipulate to the dismissal of her employment discrimination claim against Plaintiff. The Plaintiff fails to present any evidence from Ms. Cain regarding why she agreed to dismiss her claim and what impact, if any, the EEOC's production of the requested file had on her decision. Instead, the Plaintiff submits the opinion of its President that the Cain case "could have been disposed of much earlier" if the EEOC would have produced the requested file earlier (Crews aff., p.4).[4] The

---

[3] The Cain lawsuit is the Title VII Complaint filed against the Plaintiff which prompted the Plaintiff's November 13, 2001 FOIA request for the EEOC's charge file regarding the Cain discrimination claim.

[4] The Plaintiff's FOIA request did not seek expedited processing per 29 U.S.C. § 1610.9(c), an omission which further undercuts Plaintiff's argument that disclosure of the requested materials caused dismissal of the Cain lawsuit against Plaintiff.

Crews affidavit is inadmissable, Fed.R.Civ.Proc. 56(e), because the affiant has no personal knowledge of what Ms. Cain would have done, his statement is speculative, inadmissable opinion and otherwise not admissible in evidence.

FOIA is intended to inform the public, not to benefit private litigants. *Cuneo v. Rumsfeld*, 553 F.2d 1360, 1368 (D.C. Cir. 1977). Benefitting the public means helping people make political decisions, *Frydman*, 852 F Supp. at 1503, or assisting publishers, journalists, or public policy analysts to educate the public. *Tax Analysts v. United States Dep't of Justice*, 965 F.2d 1092, 1096 (D.C.Cir. 1992); *Long*, 932 F.2d at 1316. The Plaintiff's FOIA litigation against the EEOC did not benefit the public as contemplated by FOIA.

The second and third factors, "commercial benefit" and "plaintiff's interests," are usually considered together. See *Tax Analysts*, 965 F.2d at1095; *Blue*, 570 F.2d at 534. Protecting a private interest does not make an award of attorneys' fees recoverable. See *Werner-Continental, Inc. v. Farkas*, 478 F.Supp. 815, 817 (S.D.Ohio 1979), *aff'd*, 661 F.2d 935 (6th cir. 1981). The second and third factors defeat the Plaintiff's claim for attorney fees because the intent of FOIA was to inform the public, not benefit commercial and private interests in the defense of civil lawsuits:

> [T]here will seldom be an award of attorneys' fees when the suit is to advance the private commercial interests of the complainant. In these cases there is usually no need to award attorneys' fees to insure that the action will be brought. The private self-interest motive of, and often pecuniary benefit to, the complainant will be sufficient to insure the vindication of the rights given in the FOIA.

*Fenster v. Brown*, 617 F.2d 740, 743 (D.C. Cir. 1979) (quoting S. Rep. No. 854, 93rd Cong., 2d Sess. 19 (1974), reprinted in House Comm. On Gov't Operations & Senate Comm. On the Judiciary, 94th Cong., 1st Sess., Legis. Hist. Of the Freedom of Information Amend. Of 1974, pt.

7

1, at 171 (Joint Comm. Print. 1975)).

If a benefit to the public is merely incidental or secondary to a private benefit, attorney fees are not awarded because the primary purpose and nature of the lawsuit was then commercial or limited to the Plaintiff's pecuniary self-interest. *Frydman*, 852 F Supp. at 1503-04. The Plaintiff's FOIA request, directly related to its defense of Ms. Cain's employment discrimination lawsuit, falls squarely within the Plaintiff's pecuniary self-interest.

The fourth factor goes to the agency's conduct. The record establishes that the EEOC never withheld the requested documents, so this case is one of delayed production which requires "some showing of improper conduct or purpose before awarding fees and costs against the agency. *Bricker v. Federal Bureau of Investigation*, 54 F.Supp.2d 1, 4 (D.DC. 1999); *Ellis v. United States*, 941 F. Supp. 1068, 1078 (D. Utah 1996). The Plaintiff does not present any proof of improper motive by the EEOC. The worst that can be said of the EEOC is that it fell victim to circumstances - failed internal communication regarding this single FOIA request - that often occur in organizations of any size. Such vagaries of organizational operation do not constitute misconduct which justifies an award of attorney fees. In *Swan View,* the court recognized that budget restraints, office downsizing and resultant reorganization might force an agency to be tardy in complying with its FOIA obligations. *Swan View*, 39 F.Supp.2d at 47. The *Frydman* case held that a 10 month delay did not show bad faith or other basis warranting an attorney fee award. *Frydman*, 852 F.Supp. at 1508. The EEOC's *154 day* delay in producing the requested documents, half as long as the delay in *Frydman*, has not been shown to be caused by bad faith or other improper motive.

The Court should also note that the EEOC's delay lasted 154 days, not 241 as claimed by

the Plaintiff. This discrepancy is worth noting because it illustrates Plaintiff's over-reaching in its attempt to obtain attorney fees. The Plaintiff is counting 241 days from September 2001, when it first mailed a FOIA request. However, the Plaintiff disingenuously fails to mention that its September 5, 2001 request was timely denied by the EEOC on September 18, 2001 because a Title VII lawsuit had not yet been filed by Ms. Cain (Guerrier Decl., ¶¶ 5-6; Exs. 1,2). Plaintiff did not appeal that denial. Instead, the Plaintiff appropriately waited until Ms. Cain filed her lawsuit and informed the EEOC of that lawsuit when Plaintiff filed its second FOIA request on November 13, 2001 (Guerrier Decl., ¶ 7, Ex.3). It is this November 13 FOIA request which is the basis of this lawsuit. Assuming that the EEOC received this FOIA request on November 14, 2001, a response was due on December 13, 2001 (20 working days after receipt). The delay between December 13, 2001 and production on May 16, 2002 is 154 days, not 241 days.

## CONCLUSION

For all of the reasons stated above, the EEOC's Motion for Summary Judgment should be granted, the Plaintiff's Motion for Summary Judgment should be denied and the Complaint dismissed on its merits and with prejudice.

Respectfully submitted,
ALICE H. MARTIN
United States Attorney

EDWARD Q. RAGLAND
Assistant U.S. Attorney
United States Attorney's Office
Attorney No. 7291
1801 Fourth Avenue North
Birmingham, Alabama 35203-2189
Tel (205) 244-2109

Fax (205) 244-2181

PEGGY MASTROIANNI
Associate Legal Counsel
U.S. Equal Employment Opportunity Commission

THOMAS J. SCHLAGETER
Assistant Legal Counsel
U.S. Equal Employment Opportunity Commission

JAMES G. ALLISON
Office of Legal Counsel
U.S. Equal Employment Opportunity Commission
1801 L Street, N.W.
Washington, D.C. 20507
(202) 663-4661
(202) 663-4639 (fax)

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been served upon the following counsel, by mailing the same by first class mail, properly addressed and postage prepaid, on this the 7th of June, 2004:

>Susan Williams Reeves, Esquire
>714 South 29th Street
>Birmingham, Alabama 35233-2810


_____
EDWARD Q. RAGLAND
Assistant United States Attorney