IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ALABAMA

SOUTHERN DIVISION

| | |
|---|---|
| CONSTRUCTION MATERIALS LTD, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION ("EEOC"),<br><br>    Defendant. | CIVIL ACTION NO.<br> 2:02-CV-1155-RRA |

**DEFENDANT EEOC'S RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES TO AGENCY**

Comes now the Defendant, Equal Employment Opportunity Commission, by and through Alice H. Martin, United States Attorney for the Northern District of Alabama, and provides the following responses to Plaintiff's Request for Production of Documents pursuant to Rule 34, F. R. Civ. P.,  and to Plaintiff's First Set Of Interrogatories pursuant to Rule 33, F. R. Civ. P.

**REQUESTS FOR PRODUCTION**

**EEOC's Response:**   General Objection to all Requests To Produce.  The EEOC objects to all of the Requests to Produce served by the Plaintiff because discovery is improper in this Freedom of Information Act lawsuit.  The Court initially prohibited discovery by April 1, 2004 Order based upon the EEOC's Motion for a Protective Order or to Preclude Discovery.  The EEOC re-asserts its objection to allowing any discovery in this lawsuit and incorporates the legal argument contained in its August 9, 2002 Memorandum supporting the aforementioned Motion, but, without waiving its objections,  will respond to the Plaintiff's Requests to Produce in light of the Court's November

9, 2005 Order allowing the Plaintiff to propound limited discovery.

**1.     Each and every document in which a Respondent named in an EEOC charge has requested, directly or indirectly, documents from Defendant under the Freedom of Information Act.**

**EEOC's Response**: Objection. As indicated below, the EEOC processes approximately 15,500 to 17,500 FOIA requests each year, so the Commission would have to locate, review and cull approximately 96,000 FOIA requests in order to respond to Plaintiff's Request. This request is improper under Rule 26(b)(2) because the burden and expense of providing the voluminous specific information regarding each and every respondent FOIA request received by the Commission for the requested time period outweighs the likely benefit of producing that information; the requested specific information is unreasonably cumulative and duplicative of the general information produced in response to Request to Produce No. 3. Additionally, this request is improper under Rule 26(b)(1) because the specific facts regarding each and every respondent FOIA request received by the Commission are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence with respect to the issues specified in the Magistrate Judge's November 9, 2005 Order incorporating his October 25, 2005 recommendation and identification of dispositive issues. For further explanation of these objections, see the EEOC's response to Request No. 3. This request is also improper under 42 U.S.C. §§ 2000e-5(b), 2000e-8(e) and 5 U.S.C. § 552a (the Privacy Act) because the requested information is deemed confidential pursuant to those statutes. For all of the preceding reasons, the EEOC will not produce any documents identified by this Request.

2.   **Each and every response of Defendant to each such document produced in response to Production Request No. 1 above.**

**EEOC's Response**: The EEOC incorporates its objections and response to Request No. 1 in response to this Request.

3.   **All reports of compliance/non-compliance with the requirements of the Freedom of Information Act made by Defendant to any governmental agency, included but not limited to internal, non-public reports to Defendant's national EEOC offices, reports to Congress and/or to any member or committee of Congress and/or to any other governmental agency other than EEOC.**

**EEOC's Response**: .   In response to this Request, the Plaintiff is referred to the EEOC's public website at www.eeoc.gov., which contains the EEOC's annual FOIA reports for the 1997 through 2004 fiscal years (the 2005 fiscal year's report has not yet been completed).  These reports are submitted to the Attorney General of the United States pursuant to 5 U.S.C. 552 (e)(1) in this format as recommended by the Department of Justice.  To access those reports, type "Freedom of Information Act" in the search box on the EEOC website's first page.  Then click on the first entry in the search results, which will be entitled "Freedom of Information Act."  The page which then appears contains the referenced reports by fiscal year, so that each specific fiscal year's report can be viewed individually by clicking on that year's designation.

The referenced EEOC reports show (along with substantial other information) that the EEOC's volume of ordinary (not expedited) FOIA requests and the median response time for those ordinary FOIA requests for the requested fiscal years are as follows:

| | | |
|---|---|---|
| FY 1999 | Volume = 15,458 | Response Time = 18 days |
| | (entire fiscal year) | |
| FY 2000: | Volume = 15,765 | Response Time = 15 days |
| FY 2001 | Volume = 16,067 | Response Time = 19 days |
| FY 2002 | Volume = 16,392 | Response Time = 19 days |
| FY 2003 | Volume = 17,258 | Response Time = 20 days |
| FY 2004 | Volume = 17,164 | Response Time = 18 days |

The preceding statistics from the EEOC's statutorily required annual reports establish that the EEOC has not maintained a policy or practice of responding to FOIA requests in a tardy fashion. The search for additional FOIA compliance/non-compliance reports would therefore not provide any probative benefit in light of the preceding statistics. The potential expense and burden of conducting that search far outweighs the non-existent benefit of conducting it, so further response to this Request would be unduly burdensome, duplicative and cumulative. For the foregoing reasons, the EEOC will not produce additional documents in response to this Request.

**4.     Produce every memorandum, letter, e-mail or other document which provides EEOC personnel with direction on making appropriate and timely response to FOIA requests.**

**EEOC's Response**: Objection. This request is improper under Rule 26(b)(2) because the burden and expense of searching for and providing each and every communication that might provide direction or guidance to EEOC personnel concerning responding to a FOIA request outweigh any possible probative benefit of producing that information. As shown by the response to Request No. 3, the statistical record establishes that the EEOC does not have a policy or practice of responding

to FOIA requests in a tardy fashion. Therefore, this request is improper under Rule 26(b)(1) because any and all FOIA directions or guidance provided to EEOC personnel would not be relevant to the issues identified by the Magistrate Judge's November 9, 2005 Order incorporating his October 25, 2005 recommendation and identification of dispositive issues. For further explanation of these objections, see the EEOC's response to Request No. 3. Additionally, some documents responsive to this request may be confidential under 42 U.S.C. §§ 2000e-5(b), 2000e-8(e) and/or 5 U.S.C. § 552a because that document may identify parties to a charge investigation. For all of the preceding reasons, the EEOC will not produce any documents identified by this Request.

## INTERROGATORIES

<u>EEOC's Response:</u>  <u>General Objection to all Interrogatories.</u>  The EEOC objects to all of the Interrogatories propounded by the Plaintiff because discovery is improper in this Freedom of Information Act lawsuit. The Court initially prohibited discovery by April 1, 2004 Order based upon the EEOC's Motion for a Protective Order or to Preclude Discovery. The EEOC re-asserts its objection to allowing any discovery in this lawsuit and incorporates the legal argument contained in its August 9, 2002 Memorandum supporting the aforementioned Motion, but will respond to the Plaintiff's Interrogatories in light of the Court's November 9, 2005 Order allowing the Plaintiff to propound limited discovery.

1. **For the years from January 1, 1999, to October 31, 2005, provide the following information:**

    a. **the month, day and year on which Defendant received from each and every respondent named in an EEOC charge, a request for documents, whether made directly or indirectly, pursuant to the Freedom of Information Act (FOIA). (If**

**a respondent named in an EEOC Charge made more than one request for documents, state the month, day and year of those subsequent requests made by each respondent.)**

    **b.    For each respondent request identified in subparagraph a. above, please state the following:**

        **1.    The month, day and year of each and every response to such respondent regarding the requested document production and**

        **2.    The month, day and year some or all of the documents requested from EEOC were actually mailed and/or delivered to the requesting respondent.**

**EEOC's Response**: Objection. As indicated below, the EEOC processes approximately 15,500 to 17,500 FOIA requests each year, so the Commission would have to locate, review and cull approximately 96,000 FOIA requests in order to respond to this Interrogatory. This Interrogatory is improper under Rule 26(b)(2) because the burden and expense of providing the voluminous specific information regarding each and every respondent FOIA request received by the Commission for the requested time period outweighs the likely benefit of producing that information; the requested specific information is unreasonably cumulative and duplicative of the general information produced in response to Request to Produce No. 3 and Interrogatories 3-6. Additionally, this request is improper under Rule 26(b)(1) because the specific facts regarding each and every respondent FOIA request received by the Commission are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence with respect to the issues specified in the Magistrate Judge's

November 9, 2005 Order incorporating his October 25, 2005 recommendation and identification of dispositive issues. For further explanation of these objections, see the EEOC's response to Request No. 3 and Interrogatories 3-6. For all of the preceding reasons, the EEOC will not answer this Interrogatory, including its subparts a. and b.1.and b.2.

2.  **EEOC's Response**: Note: There is no Interrogatory No. 2 because of a typographical error by the Plaintiff.

3.  **For the period of time from January 1, 1999, to October 31, 2005, and for each and every document request made to Defendant by any respondent, state the number of days from the first FOIA request until Defendant actually provided some or all of the documents pursuant to the Respondent's request for such Documents.**

**EEOC's Response**: Subject to the following objections, the EEOC responds to this Interrogatory by referring the Plaintiff to the EEOC's public website at www.eeoc.gov., which contains the EEOC's annual FOIA reports for the 1997 through 2004 fiscal years (the 2005 fiscal year's report has not yet been completed). These reports are submitted to the Attorney General of the United States pursuant to 5 U.S.C. 552 (e)(1) in this format as recommended by the Department of Justice. To access those reports, type "Freedom of Information Act" in the search box on the EEOC website's first page. Then click on the first entry in the search results, which will be entitled "Freedom of Information Act." The page which then appears contains the referenced reports by fiscal year so that each specific fiscal year's report can be viewed individually by clicking on that year's designation.

The referenced EEOC reports show (along with substantial other information) that the EEOC's volume of ordinary (not expedited) FOIA requests and the median response time for those

ordinary FOIA requests for the requested fiscal years are as follows:

        FY 1999        Volume = 15,458        Response Time = 18 days

                            (entire fiscal year)

        FY 2000:       Volume = 15,765        Response Time = 15 days

        FY 2001        Volume = 16,067        Response Time = 19 days

        FY 2002        Volume = 16,392        Response Time = 19 days

        FY 2003        Volume = 17,258        Response Time = 20 days

        FY 2004        Volume = 17,164        Response Time = 18 days

The preceding statistics from the EEOC's statutorily required annual reports establish that the EEOC has not maintained a policy or practice of responding to FOIA requests in a tardy fashion. This Interrogatory's request that the EEOC report FOIA compliance information in different or additional formats than required by the referenced statute imposes burden and expense on the EEOC which is not justified by any potential probative benefit under the issues identified by the Magistrate Judge's November 9, 2005 Order incorporating his October 25, 2005 recommendation and identification of dispositive issues. For the foregoing reasons, the EEOC will not further answer this Interrogatory.

4.      **For the period of time from January 1, 1999, to October 31, 2005, state the number of requests made directly or indirectly to Defendant, pursuant to the Freedom of Information Act, to which the Defendant failed to respond or to provide any documents requested and for each such failure, state the reason for such production failure by Defendant.**

**EEOC's Response**:    The EEOC incorporates its objections to Interrogatory No. 1 and its objection and answer to Interrogatory No. 3 in response to this Interrogatory.

5. **For the period of time from January 1, 1999, to October 31, 2005, state the total number of document requests made to Defendant, whether directly or indirectly, made pursuant to the Freedom of Information Act.**

**EEOC's Response**: The EEOC incorporates its answer to Interrogatory No. 3 in response to this Interrogatory. The reports referenced in the EEOC's answer to Interrogatory No. 3 contain the requested information, although the information is provided on an entire fiscal year basis for each year.

6. **For the period of time from January 1, 1999, to October 31, 2005, state the total number of document requests made directly or indirectly pursuant to the Freedom of Information Act, in which EEOC also furnished to each requester some or all of the requested documents on or before the time for production as that time is defined [sic] the Freedom of Information Act.**

**EEOC's Response**:  Objection.  This Interrogatory is improper in form because it incorporates a false assumption, i.e., that the Freedom of Information Act defines or otherwise imposes a "time for production" for each FOIA request.  The Freedom of Information Act does not specify a "time for production;" the Freedom of Information Act defines only a time period (10 business days) within which an agency must "determine . . . whether to comply with such request and shall immediately notify the person of such determination and the reasons therefor . . . .". 5 U.S.C. § 552(a)(6)(A)(i). Therefore, the EEOC cannot answer this Interrogatory because it incorporates a requirement that is

9

not in the Freedom of Information Act.  Additionally, the EEOC incorporates its objections to Interrogatory No. 1 and its objection and answer to Interrogatory No. 3 in response to this Interrogatory.

7. **Has Defendant ever, on any occasion, since January 1, 1999, produced requested documents, either in whole or in part, pursuant to the Freedom of Information Act to any respondent person, firm or corporation making such request and made that production to the requester within the time provided by Congress under FOIA.**

**EEOC's Response**:  Objection.  This Interrogatory is improper in form because it incorporates a false assumption, i.e., that the Freedom of Information Act defines or otherwise imposes a "time for production" for each FOIA request.  The Freedom of Information Act does not specify a "time for production;" the Freedom of Information Act defines only a time period (10 business days) within which an agency must "determine . . . whether to comply with such request and shall immediately notify the person of such determination and the reasons therefor . . . .". 5 U.S.C. § 552(a)(6)(A)(i).  Therefore, the EEOC cannot answer this Interrogatory because it incorporates a requirement that is not in the Freedom of Information Act.  Additionally, the EEOC incorporates its objections to Interrogatory No. 1 and its objection and answer to Interrogatory No. 3 in response to this Interrogatory.

8. **If the answer to Interrogatory Number 7 is in the affirmative, please identify by EEOC Charge No. And respondent's name and address, the entity receiving said documents within the time provided by law.**

**EEOC's Response**:   This Interrogatory need not be answered because there is no answer to

10

Interrogatory No. 7. The EEOC incorporates its objection to Interrogatory No. 7 herein. Additionally, this Interrogatory is improper under 42 U.S.C. §§ 2000e-5(b) and 2000e-8(e) because the requested information is deemed confidential pursuant to those statutes. Additionally, this Interrogatory is improper under Rule 26(b)(2) because the burden and expense of providing the voluminous specific information regarding each and every respondent FOIA request received by the Commission for the requested time period outweighs the likely benefit of producing that information; the requested specific information is unreasonably cumulative and duplicative of the general information produced in response to Interrogatory No. 3. Moreover, this Interrogatory is improper under Rule 26(b)(1) because the specific facts regarding each and every respondent FOIA request received by the Commission are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence with respect to the issues specified in the Magistrate Judge's November 9, 2005 Order incorporating his October 25, 2005 recommendation and identification of dispositive issues. For further explanation of these objections, see the EEOC's answer to Interrogatory No. 3.

Objections by:

>
> Respectfully submitted,
> ALICE H. MARTIN
> United States Attorney
>
>  /s Edward Q. Ragland
> Edward Q. Ragland
> Assistant United States Attorney
> Bar Number: ASB-7291-G69E
> Attorney for Defendant
> 1801 Fourth Avenue North
> Birmingham, Alabama 35203
> Telephone: (205) 244-2109

Fax: (205) 244-2181
Email: ed.ragland@usdoj.gov

PEGGY MASTROIANNI
Associate Legal Counsel
U.S. Equal Employment Opportunity Commission

THOMAS J. SCHLAGETER
Assistant Legal Counsel
U.S. Equal Employment Opportunity Commission

JAMES G. ALLISON
Office of Legal Counsel
U.S. Equal Employment Opportunity Commission
1801 L Street, N.W.
Washington, D.C. 20507
(202) 663-4661
(202) 663-4639 (fax)

CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Susan Williams Reeves, Esquire
714 South 29th Street
Birmingham, Alabama 35233-2810

/s Edward Q. Ragland
Edward Q. Ragland
Assistant United States Attorney
Bar Number: ASB-7291-G69E
Attorney for Defendant
1801 Fourth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 244-2109
Fax: (205) 244-2181
Email: ed.ragland@usdoj.gov